## In re PITTSBURGH TERMINAL COAL CORPORATION.

### No. 20558.

District Court, W. D. Pennsylvania.
Oct. 26, 1939.

Order Affirmed Feb. 6, 1940.
See 109 F.2d 1020.

Abraham Herman, of Pittsburgh, Pa., and Howard S. Guttmann, of New York City, for creditors.

William E. Schoyer, of Pittsburgh, Pa., for Pittsburgh Terminal Coal Corp., debtor.

Horace F. Baker, of Pittsburgh, Pa., for receivers of Pittsburgh Terminal Coal Corp.

Patterson, Crawford, Arensberg & Dunn and Charles F. C. Arensberg, all of Pittsburgh, Pa., for North American Coal Corporation.

GIBSON, District Judge.

On May 4, 1939, Irene Guttmann, Rita Crepeau and Howard S. Guttmann filed a petition in this court wherein they prayed the reorganization of the Pittsburgh Terminal Coal Corporation under Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq. A Receiver for that Corporation had theretofore been appointed. The Corporation has answered said petition and has moved that it be dismissed, as also has the North American Coal Corporation, upon whose complaint the Receiver was appointed. Subsequent to the answers to the petition a supplemental petition was filed by three other persons, and answers have been filed to it.

Each of the petitioners is a holder of the preferred stock of the Pittsburgh Terminal Coal Corporation. The nature, computation and amount of the claim of each petitioner, omitting the number of shares and amounts which vary, is set forth as follows: "―――― shares of Preferred Stock upon each of which there is presently due and owing from the Debtor the sum of $―――― each by way of dividends, totaling $―――― all of which is unpaid and in default."

The sole basis of the claim of each petitioner arises from his status as a stockholder. As such he is plainly precluded from being a participant in the filing of an involuntary petition against the alleged debtor corporation. The Bankruptcy Act specifically so provides. Section 106(1) of Article II of Chapter X of the Chandler Act, 11 U.S.C.A. § 506(1), thus defines "claims": " 'Claims' shall include all claims of whatever character against a debtor or its property, except stock * * *." Even though each petitioner may be a preferred stockholder, and though dividends may have accumulated in his favor, nevertheless he cannot claim the status of a creditor who is entitled to file an involuntary petition in bankruptcy because the Bankruptcy Act itself excludes him from that status. In the view of the Act, as opposed to general creditors, he is an owner and as such subordinated to their claims. See In re

Piccadilly Realty Co., 7 Cir., 78 F.2d 257; Bryan v. Welsh, 10 Cir., 74 F.2d 964. These cases had under consideration petitions filed under section 77B of the Bankruptcy Act, but the definition of "Claims" in that Act is essentially the same as that of the Chandler Act (see 11 U.S.C.A. § 207, sub. b).

Each of the petitions has been considered by the court as though signed by each of the alleged petitioners, although as a matter of fact signed only by one person who, in his affidavit, asserts that he is attorney-in-fact for the others named. In view of the opinion expressed, supra, it is unnecessary to consider the validity of the petitions so signed.

The original and supplemental petitions, failing as they do to disclose petitioners authorized to sign them, must be dismissed.